**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00511-005-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Maria Aurora Calderon-De Copelyn, | |
| Defendant. | |

The Court has received Defendant Maria Aurora Calderon-De Copelyn's *pro se* Motion for Compassionate Release (Doc. 386), Defendant's appointed counsel's Motion for Modification of Term of Imprisonment (Doc. 390), the Government's Response (Doc. 402), and Defendant's Reply (Doc. 406). For the reasons that follow, Defendant's motion will be denied.

**I.     BACKGROUND**

In 2019, Defendant pled guilty to Possession with Intent to Distribute Methamphetamine and was sentenced to a term of 97 months. (Doc. 390 at 2). Defendant has now served approximately half of her sentence and remains incarcerated at Dublin FCI. (*Id.*). On August 23, 2021, Defendant filed this Motion for Modification of Term of Imprisonment, seeking compassionate release under § 3582(c)(1)(A). Defendant argues compassionate release is appropriate because her age and underlying health conditions present extraordinary and compelling reasons for relief in the context of the COVID-19 pandemic. (Doc. 390 at 1).

## II. LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Section 3582(c) provides an exception—commonly referred to as "compassionate release"—allowing the Court to reduce a sentence based on "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1). Originally, only the Director of the Bureau of Prisons could move for compassionate release under § 3582(c). The First Step Act of 2018 changed this, allowing for individual defendants to move for compassionate release themselves. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).

To grant a motion for compassionate release under § 3582(c)(1), the Court must first find that Defendant has exhausted all administrative remedies. The Court may then reduce the term of imprisonment if it finds that "extraordinary and compelling reasons" exist to support the reduction. § 3582(c)(1)(A)(i). In addition, the Court must consider the applicable sentencing factors in 18 U.S.C. § 3553(a) and any applicable policy statements from the Sentencing Commission. § 3582(c)(1)(A).

Section 3582(c) does not define "extraordinary and compelling reasons." In a policy statement—U.S.S.G. § 1B1.13—the Sentencing Commission "has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all 'other reasons.'" *United States v. Prigge*, 2021 WL 3550207, No. CR-13-01363-001-PHX-GMS, at *1 (D. Ariz. Aug. 11, 2021) (quoting U.S.S.G. § 1B1.13, application note 1(A)–(D)).[1] The policy statement also provides that compassionate release is not appropriate unless "[t]he defendant is not a danger to the

---

[1] "Though, by its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director, it does provide helpful guidance given the commission has not amended the statement since the FSA was enacted or adopted a new policy statement applicable to motions filed by defendants." *Prigge*, 2021 WL 3550207, at *1, n.1; *see also Aruda*, 993 F.3d at 797 (holding the policy statement, U.S.S.G. § 1B1.13, is only persuasive, not binding, as to what constitutes "extraordinary and compelling" reasons on a defendant-filed compassionate release motion).

safety of any other person or to the community." U.S.S.G. § 1B1.13(2). In determining whether Defendant has shown extraordinary and compelling reasons to justify compassionate release, this Court looks to § 1B1.13 "only to inform its discretion, and not as binding authority." *Prigge*, 2021 WL 3550207, at *1, n.1.

### III.   DISCUSSION

As an initial matter, there is no dispute that Defendant exhausted her administrative remedies before filing this motion. (Doc. 402 at 6 ("The United States concedes that the defendant has exhausted the administrative requirements . . . .")). Thus, the question is whether Defendant has shown extraordinary and compelling reasons to justify relief.

Defendant argues that her age and preexisting health conditions make her "particularly vulnerable" to COVID-19, and that this "constitutes an extraordinary and compelling reason for relief." (Doc. 390 at 6). Defendant is 63 years old and has Type II diabetes. (*Id.*). "She has also been diagnosed with hypertension, tremor, fibromyalgia, hypothyroidism, polyneuropathy, anxiety disorder, and uses a walker." (*Id.*). This Court recognizes that these conditions, particularly her age and Type II diabetes, place Defendant at an increased risk of severe illness from COVID-19.

However, Defendant has already contracted and recovered from COVID-19. (*Id.* at 7). Defendant is also fully vaccinated. (*Id.*). Even so, Defendant cites to CDC reports on "breakthrough cases," noting the number of fully vaccinated individuals who have nonetheless contracted COVID-19. (*Id.*). While this Court is aware of breakthrough cases, current CDC reports also note that the risk of reinfection remains "much lower" in vaccinated individuals and that vaccination makes illness less severe. *COVID-19 Vaccine Breakthrough Case Investigation and Reporting*, Centers for Disease Control and Prevention, https://www.cdc.gov/vaccines/covid-19/health-departments/breakthrough-cases.html (last updated September 17, 2021). Here, Defendant's vaccination status and previous recovery from COVID-19 substantially mitigate the risks she faces.

Defendant argues that the crowding, inadequate ventilation, and security issues present in prison facilities create heightened risks of infection. (Doc. 390 at 8–9). But

Defendant has not shown any evidence that compassionate release would address the reinfection risks with which Defendant is concerned. If released, Defendant would be transferred to ICE custody and deported to Mexico. (Doc. 390 at 11). Exposure to COVID-19 remains a significant risk in both places. *See ICE Guidance on COVID-19*, U.S. Immigration and Customs Enforcement, https://www.ice.gov/coronavirus (last updated Sept. 21, 2021) (noting that, as of September 21, 2021, there have been 3,360 confirmed COVID-19 cases in the Phoenix Field Office of ICE alone, 32 of which are still in custody); *COVID-19 in Mexico*, Centers for Disease Control and Prevention, https://wwwnc.cdc.gov/travel/notices/covid-3/coronavirus-mexico (last visited September 23, 2021) (noting that COVID-19 levels in Mexico are "high" and that "all travelers may be at risk for getting and spreading COVID-19 variants"). All told, this Court cannot find that Defendant's situation presents an extraordinary and compelling reason for her release. *See, e.g.*, *Prigge*, 2021 WL 3550207, at *2 ("As cases of reinfection remain rare, the unlikely possibility that Defendant will contract COVID-19 again does not justify release."); *United States v. Alvarez-Espinoza*, No. CR-08-00611-002-PHX-DGC, 2021 WL 2661477, at *2 (D. Ariz. June 29, 2021) ("The Court finds that the rare chance of COVID-19 reinfection simply does not meet the bar for an extraordinary and compelling reason warranting release." (internal quotations omitted)).

Consideration of the § 3553(a) factors and the § 1B1.13 policy statement[2] only further support a denial of relief. Here, Defendant argues that the non-violent nature of her crime, her lack of criminal history, and her conduct while in prison establish that she poses no threat to the community if released and that the purposes of her punishment have been met. (Doc. 390 at 9–11). The nature and circumstances of Defendant's offense, however, counsel against compassionate release. In pleading guilty, Defendant admitted to being "part of an international drug trafficking organization" and to regularly coordinating the

---

[2] This Court again notes that the § 1B1.13(2) policy statement is merely informing this Court's discretion and is not being treated as binding authority, in accordance with the Ninth Circuit's holding in *Aruda*.

delivery of drugs and the collection of drug trafficking proceeds. (Doc. 279 at 8). Defendant also admitted to keeping "cocaine, methamphetamine, and large amounts of cash" in her home. (*Id.*). At the time of her arrest, Defendant had 9.3 kilograms of methamphetamine, 4.3 kilograms of cocaine, and approximately $65,000 in cash on her person and the individual she was with had a gun. (*Id.* at 9). This Court is not persuaded that completion of only half of her 97-month sentence is sufficient to adequately deter Defendant from recidivating or to protect the public from further crimes by Defendant. Defendant's lack of a disciplinary record and her enrollment in educational courses while in prison does not change this. Defendant has offered little to show that, if released, she would not return to drug trafficking. This Court cannot find that releasing Defendant would "reflect the seriousness of the offense," "promote respect for the law," or ensure that "just punishment for the offense" has been served. 18 U.S.C. § 3553(a)(2).

Having carefully considered the Motion, Response, and Reply, the Court finds that Defendant Maria Aurora Calderon-De Copelyn has not demonstrated "extraordinary and compelling reasons" to warrant a sentence reduction pursuant to 18 U.S.C. § 3582(C)(1)(A)(i).

Accordingly,

**IT IS ORDERED denying** Defendant's Motions for Modification of Term of Imprisonment Pursuant to 18 U.S.C. 3582(C)(1) (Docs. 386 & 390).

Dated this 24th day of September, 2021.

Honorable Steven P. Logan
United States District Judge